IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTELLA AUCTION COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRI STATE CONSTRUCTION, INC., et al., <br><br> Defendants. | Case No.: 1:10-cv-00258 LJO JLT <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING THE GRANTING OF PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT <br><br> (Doc. 22) |

This matter is before the Court on Plaintiff Martella Auction Company, Inc.'s request for default judgment against the interests of Defendants Tri State Construction, Inc. and Morton Engineering and Construction, Inc. The undersigned has reviewed the submitted materials, along with the record, and has determined that this matter is suitable for decision without oral argument. Local Rule 78-230(h). For the reasons set forth below, the undersigned recommends that Plaintiff's request for default judgment be **GRANTED**.

I.     **PROCEDURAL BACKGROUND**

Plaintiff initiated this interpleader action on October 2, 2009, by filing its complaint in the California Superior Court for the County of Kern. (See Doc. 3.) On December 14, 2009, Plaintiff properly served the complaint on all defendants. (Doc. 22, Wagner Decl. at ¶ 2.) Despite being served with process, Defendants Tri State Construction, Inc. and Morton Engineering and Construction, Inc.

failed to plead or otherwise appear. On February 16, 2010, the action was removed to this Court. (Docs. 1-3.) Pursuant to Plaintiff's request, the Clerk of the Court entered default against Defendants Tri State Construction, Inc. and Morton Engineering and Construction, Inc. on December 14, 2010. (Doc. 22.) Attached to Plaintiff's request for entry of default is Plaintiff's now pending request for default judgment. (Id.)

## II. FACTUAL BACKGROUND

In August 2008, Plaintiff entered into a contract with Defendant Tri State Construction, Inc. to sell certain equipment owned by the defendant. (Doc. 3 at 3, Ex. A.) On September 24, 2008, the equipment was sold at public auction with the net sale proceeds amounting to $101,881.01. (Id. at 3.) Plaintiff performed a lien search on Defendant Tri State Construction, Inc., which revealed a first lien in favor of the Internal Revenue Service ("IRS") in the sum of $322,014.20. (Id. at 3., Exs. B & C.) Plaintiff therefore notified Defendant Robert L. Morton, the principle of Defendant Tri State Construction, Inc., that it intended to pay the net sale proceeds to the IRS. (Id. at 3.) Defendant Robert L. Morton responded that the equipment was actually owned by either Defendant Tri State Concrete Construction, Inc., Morton Engineering and Constructions, Inc., or Robert L. Morton, personally. (Id. at 3-4.) In light of this new information, Plaintiff performed a lien search on Defendant Morton Engineering and Constructions, Inc. (Id. at 4.) That search revealed the existence of a first lien in favor of the Employment Development Department of the State of California ("EDD") in the sum of $4,630.63 and a second lien in favor of the IRS in the sum of $123,083.61. (Id. at 4, Exs. D-F.)

## III. LEGAL STANDARD

The Federal Rules of Civil Procedure govern applications to the court for default judgment. Pursuant to Federal Rule of Civil Procedure 55, a court has discretion to enter default judgment against a party after the clerk has entered the party's default. Fed. R. Civ. P. 55(a)-(b). In exercising this discretion, a court is guided by the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy of the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## IV. ANALYSIS

### A. Discretionary Factors

Applying the discretionary factors articulated by the Ninth Circuit in Eitel, the Court finds that the factors, as a whole, weigh in favor of granting Plaintiff's motion for default judgment.

#### 1. Prejudice to Plaintiff

A denial of the instant motion for default judgment would prejudice Plaintiff. Plaintiff would be deprived of the very certainty that interpleader is intended to afford. See Aetna Life Ins. Co. v. Bayona, 223 F.3d 1030, 1034 (9th Cir. 2000) ("Interpleader's primary purpose is not to compensate, but rather to protect stakeholders from multiple liability as well as from the expense of multiple litigation.") (citations omitted); City of Morgan Hill v. Brown, 71 Cal. App. 4th 1114, 1122 (1999) ("The purpose of interpleader is to prevent a multiplicity of suits and double vexation.") (citations omitted). This factor therefore weighs heavily in favor of granting Plaintiff's motion for default judgment.

#### 2. Merits of Plaintiff's Claims and the Sufficiency of the Complaint

Plaintiff brought this interpleader action pursuant to California Civil Procedure Code Section 386. To maintain an action under California Civil Procedure Code Section 386, Plaintiff must "show that the parties to be called in make claims on [it] for the same thing, that the respective claims are adverse to each other, and that [Plaintiff] cannot safely determine for [itself] which claim is right and lawful." Fidelity Savings & Loan Assoc. v. Rodgers, 180 Cal. 683, 684-85 (1919). Once Plaintiff admits liability and deposits the interplead funds with the Court, it will then be discharged from liability and freed from the obligation of participating in the litigation between the claimants. See Brown, 71 Cal. App. 4th at 1122.

As discussed in detail above, the complaint alleges that Plaintiff entered into a contract with Defendant Tri State Construction, Inc. to sell equipment; that after Plaintiff sold the equipment, it discovered a first lien against the equipment in favor of the IRS in the sum of $322,014.20; that Defendant Robert L. Morton asserted that the property belonged to either Defendant Tri State Concrete Construction, Inc., Morton Engineering and Constructions, Inc., or Robert L. Morton, personally; that a lien search on Defendant Morton Engineering and Constructions, Inc. revealed a lien against the equipment in favor of the IRS in the sum of $123,083.61; and that Defendant Tri State Concrete

Construction, Inc., Morton Engineering and Constructions, Inc., or Robert L. Morton still maintain that some or all of the net sale proceeds should be paid to them. Based on these allegations, which are taken as true for the purposes of default judgment, see TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted), the Court finds that the complaint sufficiently demonstrates that the instant interpleader action has merit. This weighs in favor of granting Plaintiff's motion for default judgment.

### 3. Sum of Money at Stake

The sum of money at stake in this action does not clearly weigh for or against the granting of Plaintiff's motion. The net sale proceeds that are in controversy in this action ($101,881.01) are not unsubstantial. Nevertheless, Plaintiff is not asserting its right to those funds. Plaintiff simply wishes to resolve all conflicting claims to the interplead funds for the purpose of minimizing its own liability for those funds. Therefore, while cognizant that the defaulting defendants would forfeit any claims to $101,881.01 in proceeds, the Court finds that this factor alone should not preclude the granting of the instant motion for default judgment.

### 4. Possibility of Dispute Concerning Material Facts

There is little possibility of dispute concerning material facts in this case. As mentioned above, "[u]pon default[,] the factual allegations of the complaint, except those relating to the amount of damages, [are] taken as true." Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (quoting Pope v. United States, 323 U.S. 1, 65 (1994)). Accordingly, this factor weighs in favor of granting Plaintiff's motion for default judgment.

### 5. Possibility of Excusable Neglect

There is also little possibility that default was due to excusable neglect. Defendants Tri State Construction, Inc. and Morton Engineering and Construction, Inc. were properly served with the summons and complaint. See Shanghai Automation Instrument Co., Ltd., v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion). Moreover, the Court notes that Defendants Tri State Construction, Inc. and Morton Engineering and Construction, Inc. appear to be legal entities whose principle is Robert L. Morton, a party already

proceeding in this action.  Thus, if Defendants Tri State Construction, Inc. and Morton Engineering and Construction, Inc. were inclined to challenge the complaint, they would likely have done so already. Accordingly, this factor weighs in favor of granting Plaintiff's motion for default judgment.

### 6. Policy Disfavoring Default Judgment

"Default judgments are ordinarily disfavored." Eitel, 782 F.2d at 1472 (citations omitted). Nevertheless, where, as here, defendants have failed to plead or otherwise appear in the matter, a decision on the merits is "impractical, if not impossible." Elektra Ent. Group, Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) (citations omitted).  Thus, the general policy disfavoring default judgments does not weigh against the granting of Plaintiff's motion in this case.

### B.      Terms of the Default Judgment

Plaintiff seeks declaratory relief, consistent with the prayer for relief in its complaint, that Defendants Tri State Construction, Inc. and Morton Engineering and Construction, Inc. have no interest in the funds described in the complaint and that said defendants have no right to participate in further proceedings in this matter.  "It has been held that [t]he failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted." American General Life & Accident Ins. Co., v. Vincent Bros., No. CIV S-05-1295 GEB DAD, 2005 U.S. Dist. LEXIS 34665, at *8 (E.D. Cal. Dec. 20, 2005) (citations omitted).  The undersigned will therefore recommend that the district court grant default judgment as sought by Plaintiff.

## V.     CONCLUSION

Accordingly, for the reasons set forth above, it is HEREBY RECOMMENDED that:

1. Plaintiff's request for the entry of default judgment against the interests of Defendants Tri State Construction, Inc. and Morton Engineering and Construction, Inc. (Doc. 22) be GRANTED; and
2. The United States District Court Judge assigned to this case sign Plaintiff's proposed order filed in this regard on December 10, 2010 (Doc. 22).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of

Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 15, 2010**                                                  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE